### INDIVIDUAL DRINKING CUP CO. v. PUBLIC SERVICE CUP CO.*

(District Court, E. D. New York. October 20, 1919.)

APPEAL AND ERROR ☞1200—DECREE ENTERED ON MANDATE.

Motion to strike from a decree a paragraph entered in supposed compliance with the mandate of the Circuit Court of Appeals, and without objection of counsel, denied, subject to further direction of the appellate court.

In Equity. Suit by the Individual Drinking Cup Company against the Public Service Cup Company. On motion to correct decree. Denied.

Clifford E. Dunn, of New York City, for plaintiff.
Briesen & Schrenk, of New York City, for defendant.

CHATFIELD, District Judge. Action was brought in this court, charging infringement of letters patent No. 1,081,508, for a dispensing apparatus, and letters patent No. 1,032,557, for a paper cup. The patent for the dispensing apparatus contained a great many claims,

which were not separately questioned by the defendant's counsel, which were en bloc held valid. The cup patent was also held valid, but not infringed, and the usual decrees were entered.

Upon reference before a master, the plaintiff attempted to introduce a different machine, known as a push-button bracket. The master refused to treat this device as within the scope of the pending action, and, on review, the court denied the plaintiff's application, remitting him to a new suit with reference to the push-button device. Appeal was had to the Circuit Court of Appeals, and the case was heard in connection with an action begun in the Southern district of New York, upon patent No. 1,081,508, known as Individual Drinking Cup Company v. Charles Errett, 250 Fed. 620, 162 C. C. A. 636. This action in the Southern district included also a charge of infringement of the patent by the device known as the push-button bracket or push-rod dispenser.

The Circuit Court of Appeals affirmed the general finding of validity of the patent in suit in both districts. It held that a number of the claims which were broad in language could not be maintained, upon the disclosures of the specifications and drawings, and that they should be held invalid therefor. It also, among other things, held that the push-rod dispenser, which had been a subject of litigation in 'the Southern district suit, did not infringe any valid claim of the patent No. 1,081,508, thus upholding this court's action in refusing to allow the push-rod dispenser, under the name of the push-button bracket, to be included as an alternative or modified form of infringement, by the same party, of the device which had been enjoined by this court in the original interlocutory decree. A separate mandate was sent down to the Southern district and to the Eastern district, each in its own case.

The mandate in the Eastern district directed that the decree be modified in accordance with the opinion of the Circuit Court of Appeals, and, as so modified, affirmed. On the 5th day of June, 1918, on notice to plaintiff's counsel, a decree was entered modifying the original decree of this court, by excluding as invalid, or as noninfringing, those claims which the Court of Appeals had disposed of in that manner. The mandate did not in words direct the entry of a new final decree, but merely a modification and affirmance of the original decree. But this, in substance, required the entry of a new final decree by the District Court.

The opinion of the Circuit Court of Appeals apparently modified the findings of this court in its original decree by holding that the free push-rod dispenser did not infringe, as well as to hold it so different in character as to require the bringing of another action in order to determine the question of infringement. The parties were before the Circuit Court of Appeals, the push-rod dispenser was also before that court in the Southern district case, and had been brought into the action in the Eastern district by the plaintiff's application to have it treated as a mere variant form of the device already held to be an infringement of patent No. 1,081,508; and the Court of Appeals

had, it seemed to the District Court, complete jurisdiction upon the papers, which were all included in the record, to hold that the push-rod dispenser was not only properly excluded from the scope of the original decree in this district, but also to be so far outside of the claims of the patent as to be evidently noninfringing. The plaintiff had not appealed from the order of this court refusing to include the push-rod dispenser within the scope of the injunction, but all of the papers upon the motion had been printed in the record which was before the Court of Appeals.

In the case of the cup patent, No. 1,032,557, no appeal was taken by the defendant from the decree holding the Lilly cup patent valid. The plaintiff appealed from the finding that it was not infringed. Upon the hearing in the Court of Appeals, opinion was rendered and the mandate ordered that the District Court hold the Lilly cup patent invalid, as well as not infringed. Undoubtedly the Circuit Court of Appeals had jurisdiction to determine this question, as the entire record, including the defendant's proofs as to invalidity, was before it. The effect of that mandate was to make the decision of the Circuit Court of Appeals as to the validity of the cup patent supersede the decree of this court.

In a similar way the defendant and the court interpreted the intention of the Court of Appeals with respect to the free push-rod dispenser, which had been held not to be an infringement in the Southern district action before the Court of Appeals after full hearing, at which the exhibit itself and a complete discussion of the issue was before the court, when it heard the appeal from the decree in this court.

Assuming that this court has jurisdiction to correct a clerical error, such as would be the accidental inclusion of a paragraph relating to a patent entirely foreign to the subject-matter of the suit, it is impossible for this court to determine whether the paragraph in the decree, now objected to, was entered by clerical mistake. It may have been entered from an entire misapprehension or misunderstanding of what was intended by the mandate of the Court of Appeals; that is, this court may have entirely failed to understand what the Circuit Court of Appeals intended to direct by its opinion. If that is the situation, and the plaintiff, by failing to object to the form of the decree, has acquiesced in a matter over which this court had jurisdiction through an implied order of the Court of Appeals, then the motion should be denied on the merits. If, however, the court and the parties, through some inadvertence, included a paragraph which was not within the mandate to this court, because the Court of Appeals did not, in fact, make such direction in its opinion, then it would seem that no jurisdiction had been conferred upon the District Court to interpret the opinion of the Circuit Court of Appeals in that regard, and the clause should be stricken out as an utter mistake, in the sense that it would be as foreign to the decree as the mention of a patent from some other art.

But this court cannot determine finally whether the Court of Appeals did, in fact, include within its mandate any determination in the action in the Eastern district as to the push-rod dispenser. The

language relating to that device in the opinion of the Circuit Court of Appeals in no way furnishes any basis for an interpretation by this court of its scope, so far as the effect upon the mandate is concerned.

It seems to this court that the District Court should not attempt to decide what the mandate of the Court of Appeals was intended to include, where there is no phrase or statement, the interpretation of which will determine that question. Responsibility does rest upon the District Court to follow the language of the opinion of the Court of Appeals, in order to determine what was the opinion of that court, and to interpret that language wherever the thought of the Court of Appeals is concealed within the words used. But to bodily appropriate certain language of the opinion, upon the theory that by analogy, or from motives of convenience or expediency, the Court of Appeals presumably intended to order something which the Court of Appeals has not said it ordered, and which that court may decide it did not order, would frequently lead to disastrous results.

If, therefore, the Court of Appeals did not intend to make direction to this court with respect to any decree as to the push-rod dispenser, and if the inclusion of the paragraph was purely a clerical error, based upon failure of this court and of the plaintiff's attorney to carefully discriminate as to what was directed by the opinion of the Court of Appeals, this court will request the Court of Appeals to withdraw its mandate and make a further direction upon the subject.

Unless the Court of Appeals makes such direction, the present motion will be denied, upon the ground that the decree of June 5, 1918, is in accord with the direction of the Circuit Court of Appeals, in so far as the Circuit Court of Appeals made any direction at all in this court upon the subject.